```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF KANSAS

CARLUS L. HAYNES,

              Plaintiff,
     vs.                                 Case No. 03-4209-RDR

ATTORNEY GENERAL OF
KANSAS, et al.,

              Defendants.
```

## MEMORANDUM AND ORDER

This matter is presently before the court upon the following motions: (1) defendants' motion to dismiss; (2) defendants' motion for extension of time to extend dispositive motion deadline; (3) second motion for extension of time to extend dispositive motion deadline; and (4) plaintiff's motion to strike motion for summary judgment.

Plaintiff is a former employee with the office of the Kansas Attorney General. The defendants are Phill Kline, Attorney General for the State of Kansas; and several other employees of the Attorney General's office. This action arises out of a search conducted by the defendants of the contents of a computer used by the plaintiff during his employment at the Attorney General's office. He has asserted claims under 42 U.S.C. § 1983 and a state law tort claim of invasion of privacy. He seeks compensatory and punitive damages.

The court shall first set forth the procedural background for the instant motions. Plaintiff, who is an attorney, originally filed this action pro se. The defendants filed their motion to dismiss on July 28, 2004. The motion was directed at plaintiff's amended complaint. Subsequently, on September 22, 2004, the court entered a pretrial order. In the pretrial order, the deadline for filing dispositive motions was set at October 15, 2004. On September 28, 2004, defendants sought an extension of time of the dispositive motion deadline. The defendants sought to have the deadline extended to November 19, 2004. On October 8, 2004, Lawrence Williamson, Jr. entered an appearance on behalf of plaintiff. On November 19, 2004, defendants filed a second motion to extend the deadline for filing dispositive motions. This motion sought an extension to December 20, 2004. The defendants then filed a motion for summary judgment on December 20, 2004. Plaintiff filed a motion to strike the motion for summary judgment on January 20, 2005.

**MOTION TO DISMISS**

In its motion to dismiss, defendants argue that the plaintiff's amended complaint must be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. They first contend that plaintiff's § 1983 claim must be dismissed for failure to state

a claim because (1) plaintiff has sued the defendants in their official capacities and therefore they are not persons within the constraints of § 1983; (2) plaintiff has failed to allege any facts supporting a conclusion that a constitutional violation has occurred; and (3) plaintiff has failed to allege the interception of electronic messages as required by federal wiretap law.  The defendants next contend that the court lacks subject matter jurisdiction over plaintiff's § 1983 claims because the Eleventh Amendment bars them.  This argument is related to their previous argument concerning the capacity in which they are sued.  They point out again that plaintiff has sued them in official capacities and, therefore, they are protected from suit for retrospective monetary relief by the Eleventh Amendment.  Finally, they contend that plaintiff's state law claim of invasion of privacy fails to state a claim and should be dismissed for lack of subject matter jurisdiction.[1]

Since federal courts are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction. Penteco Corp. Ltd. Partnership 1985A v. Union Gas System, Inc.,

---

[1] In their reply brief, the defendants assert they are entitled to qualified immunity on plaintiff's § 1983 claims. The court, however, will not consider arguments first advanced in a reply brief.  See Plotner v. AT&T Corp., 224 F.3d 1161, 1175 (10th Cir. 2000); Thurston v. Page, 931 F.Supp. 765, 768 (D.Kan. 1996).

3

929 F.2d 1519, 1521 (10th Cir. 1991). A court lacking subject matter jurisdiction "must dismiss the case at any stage of the proceeding in which it becomes apparent that such jurisdiction is absent." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). When a defendant brings a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff must carry the burden of proving jurisdiction. Mounkes v. Conklin, 922 F.Supp. 1501, 1505 (D.Kan. 1996).

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Maher v. Durango Metal, Inc., 144 F.3d 1302, 1344 (10th Cir. 1998), or when an issue of law is dispositive. Neitzke v. Williams, 490 U.S. 319, 326 (1989). On a Rule 12(b)(6) motion, the court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all inference in favor of the plaintiff. Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

4

grounds, Davis v. Scherer, 468 U.S. 183 (1984). Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice. Mounkes, 922 F.Supp. at 1506.

The court begins by noting the poor quality of materials received from both sides in this case. The defendants have asserted several arguments without citation to any authority. Plaintiff has responded by overlooking several of the arguments put forth by the defendants. The defendants in their reply brief have advanced an entirely new argument.

With that said, the court shall proceed to the arguments raised by the defendant. The court shall consider these arguments as they relate to the allegations contained in the pretrial order. As correctly pointed out by plaintiff, the pretrial order now controls the course of this litigation, not the amended complaint. See Hullman v. Board of Trustees of Pratt Community College, 950 F.2d 665, 668 (10th Cir. 1991).

In response to the defendants' primary argument, plaintiff asserts that he is suing the defendants in their individual and official capacities. He suggests that both the language of the pleadings along with the "course of the proceedings" indicates that he is suing the defendants in both capacities.

To prevail on a claim for damages for a constitutional

5

violation pursuant to 42 U.S.C. § 1983, a plaintiff must establish the defendant acted under color of state law and caused or contributed to the alleged violation. Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996). Plaintiff must show the defendant personally participated in the alleged violation. Id.

Based upon the allegations contained in the pretrial order, the court believes the plaintiff has sufficiently alleged that the defendants personally participated in the violation of his constitutional rights. Accordingly, the court finds that defendants' motion must be denied as it relates to plaintiff's claims under § 1983 against them in their individual capacities.

To the extent that plaintiff has sued the defendants in their official capacities, the court finds that the defendants' motion has merit. Eleventh Amendment immunity provides for protection for state governmental entities and state officers in their official capacities sued in federal court for damages unless the state waives its immunity. Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985); Ramirez v. Oklahoma Dept. of Mental Health, 41 F.3d 584, 588 (10th Cir. 1994). The standards governing Eleventh Amendment immunity are also applicable where § 1983 claims are raised. Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996). While this immunity can be waived, the State of Kansas has not done so in this case, nor

has this immunity been abrogated for any cause of action that plaintiff has alleged under the facts of this case.  See Baker v. Board of Regents of the State of Kansas, 721 F.Supp. 270, 274 (D.Kan. 1989) (lawsuits under 42 U.S.C. § 1983 are not exempt from the Eleventh Amendment bar).  The Kansas legislature, by enacting the Kansas Tort Claims Act, K.S.A. 76-6101 et seq., has not waived the state's Eleventh Amendment immunity from suit in federal court.  Ndefru v. Kansas State University, 814 F.Supp. 54, 55 (D.Kan. 1993).  Accordingly, the court lacks jurisdiction over plaintiff's claim against the defendants in their official capacities.

The court shall next turn to the defendants' arguments that plaintiff's § 1983 claims and his state law claim fail to state causes of action.  The court has reviewed these rather brief, and unsupported by any authority, contentions.  The court will readily admit that the allegations contained in the complaints and the pretrial order are hardly models of pleading clarity. Nevertheless, the court cannot conclude beyond doubt that plaintiff can prove no set of facts in support of each of his claims which would entitle him to relief.  Accordingly, this aspect of the defendants' motion shall be denied.

**MOTIONS TO EXTEND DISPOSITIVE MOTION DEADLINE/MOTION TO STRIKE**

The defendants filed two motions to extend the dispositive

motion deadlines.  The defendants sought to extend the dispositive motion deadline to December 20, 2004.  Plaintiff opposes any extension of time.  Plaintiff also moves to strike the motion for summary judgment filed by defendant on December 20, 2004 because it is untimely.

For good cause shown, the defendants' motions to extend the time to file dispositive motion shall be granted.  The court finds that the summary judgment motion filed by the defendants on December 20, 2004 is timely.  Consequently, the plaintiff's motion to strike shall be denied.

With these rulings, the court shall allow plaintiff twenty days from the date of this order in which to respond to defendants' motion for summary judgment.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. # 64) be hereby granted in part and denied in part as set forth in the foregoing memorandum and order.

**IT IS FURTHER ORDERED** that defendants' motions to extend the time to file dispositive motions (Doc. ## 94 and 106) be hereby granted.  The deadline for filing dispositive motions is set at December 20, 2004.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike (Doc. # 110) be hereby denied.

**IT IS FURTHER ORDERED** that plaintiff be allowed twenty (20)

days from the date of this order in which to file a response to defendants' motion for summary judgment.

**IT IS SO ORDERED.**

Dated this 23rd day of February, 2005 at Topeka, Kansas.

                                            s/Richard D. Rogers
                                            United States District Judge